RECEIVED

USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE _12_ / _11_ / _12_

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

GEORGE SIMMONS                     DOCKET NO. 12-CV-2078; SEC. P

VERSUS                             JUDGE DRELL

JAMES LEBLANC, ET AL.              MAGISTRATE JUDGE KIRK

## REPORT AND RECOMMENDATION

Pro se Plaintiff George Simmons filed the instant civil rights complaint [Doc. #1] in forma pauperis and pursuant to 42 U.S.C. §1983. Plaintiff is incarcerated at the Avoyelles Correctional Center (AVC) in Cottonport, Louisiana. He complains of the conditions of his confinement, and he seeks a transfer as well as compensatory damages. He names as defendants Secretary James LeBlanc and Warden Tim Keith. Plaintiff filed an Amended Complaint on October 25, 2012. [Doc. #15]

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### Factual Allegations

Plaintiff, a seventy-one year old inmate serving a life sentence, complains that he was transferred from E. Hunt Correctional Center to AVC without cause. He complains that AVC is too far away from his family, that the beds at AVC are uncomfortable and cause him back pain, and that the young inmates "play" at night, causing him to lose sleep.

## Law and Analysis

An Eighth Amendment claim has two required components. See Wilson v. Seiter, 501 U.S. 294, 298 (1991). First, the Plaintiff must allege a constitutional deprivation that is sufficiently serious. See id. "[O]nly those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave" to constitute cruel and unusual punishment. Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). Also, the prison official must have acted with a sufficiently culpable state of mind. See id.; Farmer v. Brennan, 511 U.S. 825, 838 (1994). In prison conditions of confinement cases, that state of mind is deliberate indifference, which the Supreme Court has defined as knowing of and disregarding an excessive risk to inmate health or safety. See Wilson v. Seiter, 501 U.S. 294, 298 (1991). Plaintiff has not alleged a serious deprivation - only an uncomfortable bed and being housed among younger inmates. [Doc. #8, p.3] He does not allege that he has been deprived of any of life's necessities, nor does he allege that the defendants acted with any deliberate indifference toward him.

Next, Plaintiff has not alleged a physical injury. Pursuant to 42 U.S.C.A. § 1997e, "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." Therefore, even if he

had alleged a constitutional violation, Plaintiff would not be entitled to any sort of monetary compensation.

Finally, a prisoner has no constitutional right to be housed in any particular facility or to be transferred from one prison facility to another, even if life in one prison may be much more disagreeable than in another. See Olim v. Wakinekona, 461 U.S. 238, 245-46 (1983); Meachum v. Fano, 427 U.S. 215, 224-225 (1976); Montanye v. Haymes, 427 U.S. 236, 242 (1976); Tighe v. Wall, 100 F.3d 41, 42 (5th Cir. 1996); Jackson v. Cain, 864 F.2d 1235, 1250 (5th Cir. 1989); Maddox v. Thomas, 671 F.2d 949, 950 (5th Cir. 1982). Plaintiff is not entitled to be transferred back to Hunt, or to any other facility.

**Conclusion**

Accordingly, **IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DENIED AND DISMISSED WITH PREJUDICE** as frivolous and failing to state a claim for which relief can be granted, in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).

**Under the provisions of 28 U.S.C. §636(b)(1)(c) and Federal Rule of Civil Procedure 72(b), parties aggrieved by this recommendation have ten (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply**

briefs etc.) may be filed.

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Federal Rule of Civil Procedure 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED at Alexandria, Louisiana, this 10th day of December, 2012.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE